369

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of grenadine the same in all material respects as that the subject of *La Manna, Azema & Farnan, Inc.* v. *United States* (39 C. C. P. A. 44, C. A. D. 461), the claim of the plaintiffs was sustained.

No. 56853.—C. H. Arnold & Co. et al. *v.* United States, protests 962751–G, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of grenadine the same in all material respects as that the subject of *La Manna, Azema & Farnan, Inc.* v. *United States* (39 C. C. P. A. 44, C. A. D. 461), the claim of the plaintiffs was sustained.

No. 56854.—W. A. Cleary Corp. and W. R. Keating & Co., Inc. *v.* United States, protests 180198–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of lecithin (soybean residual sludge) similar in all material respects to that the subject of *United States* v. *C. J. Tower & Sons* (38 C. C. P. A. 131, C. A. D. 450), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1952

No. 56855.—Sears, Roebuck and Co. *v.* United States, petition 6833–R (Chicago).

Opinion by MOLLISON, J. As revealed in the record, it appeared that the petitioner ordered the boots in question at a time when Canadian and United States dollars were in parity. However, at the time of exportation of the boots from Canada, the Canadian dollar was at a discount in relation to the United States dollar. The customs broker, on instruction from the petitioner, deducted on entry the difference between Canadian and United States dollars from the invoiced value. It developed, however, that the currency of sale as shown on the invoice was United States dollars, rather than Canadian dollars, as had been assumed by the petitioner. Subsequently, the petitioner contacted the shipper to ascertain the reason for invoicing the merchandise in United States dollars, and the interchange of correspondence took approximately 2 months. The merchandise covered by the entries involved was appraised before amended entries were filed by the petitioner. On the record presented, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.